IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00092-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ANTONIO AVILA-IBARRA,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on March 2, 2018. The court has taken judicial notice of the court's file, the pretrial services report and the Addendum dated 2-28-18. In addition, I have considered the proffer submitted by defense counsel and the arguments of counsel

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report, the Addendum dated 2-28-18, and the entire court file. In addition, I have considered the proffer submitted by defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Illegal Re-entry of a Removed Alien Subsequent to a Felony Conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). Based upon the Indictment, I find probable cause exists that the Defendant

committed the charged offense.

Second, I find that the defendant is in the United States illegally. There is an ICE detainer that has been lodged against the defendant. Defendant was born in Mexico and is a citizen of Mexico. Defendant does not possess a Colorado driver's license. Defendant has used at least two alias names; one alias date of birth; and one alias social security number in the past. Defendant has suffered 14 failures to appear, 11 resulting in warrants being issued. Two warrants remain outstanding. Defendant has suffered one prior failure to pay. Defendant has had his deferred judgment revoked in Jefferson County Court, Case No. 01M503 and his probation revoked in Denver County Court, Case No. 01M3942 in the past. Defendant has committed new crimes while on a deferred judgment.

Third, I find that the defendant has suffered **adult convictions** for Driving Without a Valid License; License Plate Violation; Theft by Receiving $50 to $300; DUI; Illegal Entry; Interference; Trespass; DUR-Alcohol Related (three separate convictions); Third Degree Assault on a Peace Officer; Obstructing a Peace Officer; and No Insurance -Driver. Defendant has two pending misdemeanor cases in the Jefferson County Court under Case Nos. 16M140 and 17M1173 and one pending misdemeanor case in the Denver General Sessions Court, Case No. 17GS008888. Defendant's time in the community is unknown. Defendant is not contesting detention at this time. Defendant is a flight risk.

In light of these facts and the defendant's immigration status, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release which will reasonably assure the appearance of the Defendant. Accordingly, I order that the defendant be detained without bond.

Done this 2nd day of March 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge